IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1997 SESSION


FILED

September 17, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9612-CC-00480 |
| | ) | |
| Appellee | ) | MADISON COUNTY |
| | ) | |
| V. | ) | HON. WHIT LAFON, JUDGE |
| | ) | |
| CARL ALEXANDER COLE, | ) | (Sale of Cocaine and Sentencing) |
| | ) | |
| Appellant | ) | |
| | ) | |

FOR THE APPELLANT

Clifford K. McGown, Jr.
113 North Court Square
Waverly, Tennessee 37185

George Morton Googe
District Public Defender
227 West Baltimore Street
Jackson, Tennessee 38301

Jeffrey J. Mueller
Assistant Public Defender
227 West Baltimore Street
Jackson, Tennessee 38301

FOR THE APPELLEE

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Elizabeth T. Ryan
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

James G. Woodall
District Attorney General
225 Martin Luther King Drive
Jackson, Tennessee 38302-2825

Shaun A. Brown
Assistant District Attorney General
225 Martin Luther King Drive
Jackson, Tennessee 38302-2825

OPINION FILED:_____

AFFIRMED

William M. Barker, Judge

## Opinion

The Appellant, Carl Alexander Cole, appeals as of right his conviction and sentence for the sale of more than 0.5 grams of cocaine. He argues on appeal that:

(1)  The trial court erred in refusing to permit him to develop proof concerning policies and procedures with regard to the use of informants in undercover drug purchases and in refusing his request to make an offer of proof.

(2)  The trial court erred in refusing to permit him to question the confidential informant about the informant's background and employment history.

(3)  The sentence imposed by the trial court was excessive and the trial court erred by not sentencing him to an alternative sentence, such as the community correction program.

We have reviewed the record on appeal and find no merit to the Appellant's argument. We affirm.

## Factual Background

On May 18, 1994, around 10:30 p.m., officers Penney and Mills met a confidential informant at a cemetery on Paul Coffman Drive in Jackson to arrange an undercover drug purchase. Officer Penney equipped the informant with a hidden radio transmitter to enable the officers to listen to the drug transaction and gave him $100.00 to buy drugs.

The confidential informant, followed by the officers, went to a house on the northeast corner of Hays and Eden Streets and knocked on the door. When the door opened, the informant asked for the Appellant and was told to go to an alley off of Eden Street. The informant got back into his car and drove down Eden Street. He pulled into the designated alley where the Appellant got into his car and sold him five white rocks presumed to be crack cocaine for $100.00. When the transaction was concluded, the informant left the Eden Street alley and met the police officers back at the cemetery. The substance was later analyzed by the Tennessee Bureau of Investigation's Crime Laboratory and it was confirmed that it contained cocaine.

On May 19, 1996, after a jury trial, the Appellant was found guilty of the sale of more than 0.5 grams of cocaine. At a later sentencing hearing, the trial court sentenced him to ten years imprisonment in the Tennessee Department of Correction to be served consecutively to a prior unserved sentence. The Appellant now appeals.

I

The Appellant first argues that the trial court erred by refusing to permit him to develop proof concerning policies and procedures with regard to the use of informants in undercover drug purchases and in refusing his request to make an offer of proof. This issue is without merit.

According to the Appellant's theory, the outcome of his case depended on whether the jury believed the testimony of Dwayne Yarbrough, the informant in this case, regarding the drug transaction. Consequently, the Appellant sought to discredit the informant's testimony by asking Officer Penney what qualities the police looked for in confidential informants and what qualities the police had considered when Yarbrough was hired. The trial court, however, only permitted testimony with regard to general police policy on confidential informant hiring. It excluded all information pertaining to what the police had considered when they hired this informant because Officer Penney testified that he had not hired Yarbrough and, therefore, had no personal knowledge of what those considerations were.

The Appellant argues that the trial court violated his right to cross-examine officer Penney. We cannot agree with the Appellant. In Tennessee, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Tenn. R. Evid. 602. Here, it was undisputed that Officer Penney had no personal knowledge of what was considered with regard to the confidential informant's hiring. Thus, the trial court correctly excluded the disputed testimony.

The Appellant also attempted to question Officer Penney regarding what factors he had considered when he hired confidential informants in other unrelated cases.

3

The trial court excluded the line of questions stating that such information was irrelevant. We agree with the trial court. See Tenn. R. Evid. 401. What qualifications Officer Penney had considered for confidential informants in other unrelated cases had no significance here.

The Appellant also argues that the trial court refused to allow him to make an offer of proof of the excluded testimony. It is correct that the trial court refused to allow the Appellant to make an offer of proof while both parties were still presenting their proof. However, the trial court also told the Appellant: "I'm going to let you put the proof in after the case is over." The trial court did not refuse to allow the Appellant to offer proof into the record; the trial court merely asked the Appellant to wait until the trial was concluded. The record does not show that the Appellant sought to make an offer of proof after the evidence was taken.

II

The Appellant next argues that trial court erred in refusing to permit him to question the confidential informant about the informant's background and employment history. This issue is without merit.

The Appellant's counsel conducted extensive cross-examination of the informant. The informant admitted that he had used drugs in high school and that he had been involved in more than fifty undercover drug purchases, earning between $50.00 and $100.00 for each drug purchase. He said he was doing undercover work partly to earn money and partly because his brother had been a drug abuser and that he wanted to make a difference in society. The only cross-examination the trial court did not permit was where the informant lived and worked at the time of the trial. We find that the trial court correctly excluded that testimony. Where the informant lived and worked two years after the undercover drug purchase occurred was irrelevant to the Appellant's trial on the merits. See Tenn. R. Evid. 401; Tenn. R. Evid. 402. Moreover, to disclose such information in a public forum would not be prudent

4

because the informant was under partial police protection from vengeful drug dealers who had been caught as a result of the informant's undercover activities.

The Appellant also argues that the trial court improperly commented on the informant's credibility. The complained-about comment was after the following question and answer:

> Q:        How much money do you believe you've made off your work for the drug task force?
> A:        I can't recall.
> The Court:   Say's he don't know.

Even though the trial court should have refrained from interjecting comments into the Appellant's cross-examination, we do not find that these comments had any effect on the informant's credibility or affected the result of the trial on the merits. See Tenn. R. Crim. P. 52(a); see also State v. Gregg, 874 S.W.2d 643 (Tenn. Crim. App. 1993). The error, if any, was harmless.

III

The Appellant finally argues that the sentence imposed by the trial court was excessive and that the trial court erred by not sentencing him to an alternative sentence, such as the community correction program. Both issues are without merit.

When an Appellant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1990). The burden of showing that the sentence is improper is upon the appealing party. Id Sentencing Commission Comments. This presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The Appellant first argues that he was presumed eligible for alternative sentencing pursuant to Tennessee Code Annotated § 40-35-102. The statute provides that standard offenders convicted of Class C, D, or E felonies are presumed

5

favorable candidates for alternative sentencing. The Appellant was convicted of a Class B felony and is not presumed a favorable candidate for alternative sentencing.

The sentence range for sale of cocaine for a Range I offender is eight to twelve years. The trial court sentenced the Appellant to ten years imprisonment. We agree with the trial court's judgment.

Two enhancement factors are applicable to the Appellant. We find that he has a history of criminal convictions and criminal behavior. See Tenn. Code Ann. § 40-35-114(1) (Supp. 1996). The Appellant's extensive criminal record includes one vandalism conviction, one inciting to riot conviction, one resisting arrest conviction, four driving on a revoked licence convictions, one carrying a prohibited weapon conviction, and two grand larceny convictions. The Appellant has also shown a history of unwillingness to comply with conditions of release into the community in that he has failed to pay fines and court costs in prior cases and has failed to perform required community service work. See Tenn. Code Ann. § 40-35-114(8).

The Appellant argues that the trial court should have considered, as a mitigating factor, that his conduct neither caused nor threatened serious bodily injury to anybody. See Tenn. Code Ann. § 40-35-113(1), (9) (1990). However, when the sale of drugs to the public is involved, this mitigating factor does not carry much weight. State v. Mann, No. 02C01-9504-CC-00101 (Tenn. Crim. App., Jackson, Oct. 18, 1995), *permission to appeal denied* (April 1, 1996).

We affirm the Appellant's conviction and sentence.

6

_____
WILLIAM M. BARKER, JUDGE


CONCUR:



_____
JOSEPH M. TIPTON, JUDGE



_____
DAVID G. HAYES, JUDGE